UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT ASHLEY,

                      Plaintiff,

         vs                                         1:06-CV-179

GERALD P. SCHATZEL, JR., TIMOTHY MATHEWS,
WAYNE C. MAISCH, MICHAEL BONSE, and
CHRISTOPHER HULBERT, Individually and in their
capacities as Police Officers, JOHN DOE 1-5,
Individually and in their capacities as Police Officers,
and the CITY OF KINGSTON, New York,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

NORMAN M. BLOCK, PC                 NORMAN M. BLOCK, ESQ.
Attorneys for Plaintiff
22 Saw Mill River Road
Hawthorne, New York 10532

COOK, NETTER, CLOONAN, KURTZ,     MICHAEL T. COOK, ESQ.
& MURPHY, PC
Attorneys for Defendants
85 Main Street, P.O. Box 3939
Kingston, New York 12401

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

     Plaintiff Robert Ashley ("plaintiff" or "Ashley") filed a complaint against Detective

Gerald P. Schatzel, Jr. ("Schatzel"), Lieutenant Timothy Matthews ("Matthews"),

Detective Sergeant Wayne C. Maisch ("Maisch"), Patrolmen Michael Bonse ("Bonse")

and Christopher Hulbert ("Hulbert"), and John Doe 1-5, both individually and in their capacities as Police Officers, and the City of Kingston, New York ("City"). Ashley asserts both 42 U.S.C. § 1983 (" § 1983") and New York State Law claims alleging that the police did not have probable cause to arrest him and, as a result, violated his right to freedom from unreasonable search and seizure, false arrest, false imprisonment, malicious prosecution, and conspiracy by the defendants to commit these acts.

Defendants move for summary judgment, pursuant to Federal Rule of Civil Procedure 56(b), on the grounds that the police had probable cause to arrest Ashley; accordingly, the causes of action for false arrest and false imprisonment must be dismissed. Additionally, they argue: (1) the malicious prosecution claim must be dismissed; (2) the officers were acting reasonably, so they are not liable under the theory of qualified immunity; and (3) under the Eleventh Amendment, a municipality can not be held liable for the acts and omissions of its employees on a respondeat superior theory. Ashley concedes that the City is entitled to summary judgment for the respondeat superior claims against it under § 1983. He does not oppose dismissal of the John Doe defendants. He opposes the motion on all other claims. The motion was taken on submission without oral argument.

## II. FACTS

The following facts are undisputed unless otherwise noted.

On or about January 13, 2005, the City of Kingston Police Department ("police") received a report of armed robbery. The robbery occurred in the City. The victim told the police that various items from her purse had been stolen, including credit and ATM cards.

2

According to defendants, the police identified Ashley as being present when the stolen credit and ATM cards were used by a person known to plaintiff as J. Rock. They identified Ashley and J. Rock by locating the car Ashley was driving in a video taken at a local gas station where the stolen credit cards were used. Additionally, defendants allege that the driver of the vehicle, Ashley, was identified in photographs and in videos taken at various ATM machines. Plaintiff alleges that the photographs taken of him at the ATMs were not obtained until ten days after the arrest.

When the police learned who owned the car that Ashley was using, defendants Patrolmen Bonse and Hulbert went to the owner's residence and, while questioning the owner, Ashley arrived. They then questioned Ashley and requested that he come to the police station. Plaintiff complied and went with them to the police station.

While at the police station, plaintiff was questioned by defendant Detective Schatzel regarding his involvement with the use of the stolen credit cards and the correct name and address of a person alleged to have committed the armed robbery, J. Rock. Plaintiff denied involvement with the use of the stolen cards and did not provide the police with any information on J. Rock. Plaintiff alleges that he told Schatzel he was only giving J. Rock a ride and that he believed the credit and ATM cards belonged to J. Rock. Ashley was then placed under arrest. He was booked on the following day for Criminal Possession of Stolen Property in the Fourth Degree.

Plaintiff alleges that he was threatened by Schatzel and incarcerated overnight because he could not provide the requested information and because the robbery victim was a friend of Schatzel's and a co-worker of defendant Detective Sergeant Maisch's wife. Defendants allege that he was arrested based upon the photographic evidence,

the fact that he benefitted from the use of the stolen credit cards, and his involvement with the use of the stolen ATM cards within one hour of the robbery.

During the investigation, the police discovered an ATM receipt for the attempted use of one of the stolen cards. Defendants allege that during Ashley's questioning at the police station an inventory was taken of his personal belongings and at that time they discovered the ATM receipt in his pants pocket. (Docket No. 34-2 at 20, 37, 52.) Plaintiff alleges that an inventory was taken after the arrest, but that before his arrest Schatzel told him that the ATM receipt was found in the car. Schatzel swore, in an Accusatory Instrument, that Ashley was in possession of both the receipt and a stolen credit or ATM card. (Docket No. 40-2 at 11.) Plaintiff alleges that in a later deposition Schatzel swore that Ashley was not in possession of the stolen credit or ATM cards.

At the time in question, defendants Schatzel, Matthews, Maisch, Bonse, Hulbert and John Doe 1-5 were employed as officers with the police, an agency of the City.

On January 28, 2005, the continuation of a preliminary hearing was conducted. The Court ruled that there was reasonable grounds to believe a crime was committed and that Ashley committed the crime. This matter was presented to a grand jury which determined that there was insufficient evidence to support the crimes charged, returning a no bill.

### III. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any

4

material fact, and that the moving party is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); Richardson v. N.Y. State Dep't of Corr. Servs., 180 F.3d 426, 436 (2d Cir. 1999); Lang v. Retirement Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323,106 S. Ct. 2548, 2552 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990).  Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Richardson, 180 F.3d at 436; Project Release v. Prevost, 722 F.2d 960, 968 (2d Cir. 1983).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356.  At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.  To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.  Liberty Lobby, Inc., 477 U.S. at 248-49, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

Moreover, material facts set forth in the movant's statement required by the local rules are deemed admitted unless controverted in the nonmovant's statement in opposition.  L.R. 7.1(a)(3).  Thus, no genuine issue exists as to facts set forth in a

movant's 7.1 Statement if the nonmovant fails to put such facts into controversy by a response in opposition to the summary judgment motion. See id.

### B. Analysis

Defendants argue that the police had probable cause to arrest so they can not be liable to Ashley. Ashley argues that there are questions of material fact in this case; accordingly, he argues that defendants have not established that they had probable cause to arrest him.

Qualified immunity shields police officers, acting in their official capacity, from suits for damages under § 1983. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). However, if officers' actions violate clearly established rights, of which an objectively reasonable official would have known, they are not entitled to qualified immunity. Id. The question "of whether a defendant official's conduct was objectively reasonable . . . is a mixed question of law and fact." Kerman v. City of New York, 374 F.3d 93, 109 (2d Cir. 2004) (citations omitted). While "a conclusion that the defendant official's conduct was objectively reasonable as a matter of law may be appropriate where there is no dispute as to the material historical facts, if there is a such a dispute, the factual questions must be resolved by the fact finder." Id. (citations omitted).

In the present case, it is undisputed that Ashley was in the company of J. Rock approximately one hour after the robbery and that Ashley benefitted from the use of the stolen credit card. However, Ashley was charged with Criminal Possession of Stolen Property in the Fourth Degree. An element of the crime is that he actually possessed stolen property; however, the defendants do not allege that he did so.

6

Summary judgment is not appropriate because genuine issues of material fact exist as to: (1) whether Ashley knew that the credit and ATM cards that J. Rock was using were not legally his; (2) when and where the ATM receipt was found; (3) when the police obtained photographic evidence against Ashley; and (4) what constituted the evidence available to the police at the time of the arrest.

## IV. CONCLUSION

Viewing the facts in a light most favorable to plaintiff, there are questions of material fact for the jury to decide before determining whether the police had probable cause to arrest and detain Ashley.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED in part and DENIED in part;

3. Plaintiff's § 1983 respondeat superior claims against the City and the John Doe claims are DISMISSED; and

3. The motion is DENIED in all other respects.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 31, 2007
       Utica, New York.

7